FILED

DEC - 6 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North
Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: bryan.dake@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 18-81-BLG-SPW |
|---|---|
| vs. | |
| STACEY JAMES WONDRA, | PLEA AGREEMENT |
| Defendant. | |

AUSA   DEF   ATTY   Date                                Page 1

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Bryan T. Dake, Assistant United States Attorney for the District of Montana, and the Defendant, Stacey James Wondra, and the Defendant's attorney, Cammi J. Woodward, have agreed upon the following:

1.  **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the Defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.  **Charges:** The Defendant agrees to plead guilty to Count III of the Indictment which charges the crime of false statement during a firearms transaction, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The offense charged in Count III carries a maximum penalty of ten years imprisonment, three years of supervised release, a $250,000 fine and a $100 special assessment.

At the time of sentencing, the United States will move to dismiss Count II of the Indictment against the Defendant if the Court accepts this plea agreement.



AUSA   DEF   ATTY   Date                                                   Page 2

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The Defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Count II of the Indictment; and b) the United States makes the recommendations provided below. The Defendant understands that if the agreement is accepted by the Court, and if Count II is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The Defendant will plead guilty because Defendant is in fact guilty of the charge contained in Count III of the Indictment.

In pleading guilty to Count III, the Defendant acknowledges that:

**First,** the defendant knowingly made a false oral or written statement, or furnished or exhibited any false, fictitious or misrepresented identification, to a federally licensed firearms dealer;

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
|      |     |      | 12/5/18 |

**Second,** the false statement or misrepresented identification was made in connection with the acquisition or attempted acquisition of a firearm; and

**Third,** the statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the Defendant, in a prosecution for perjury or false statement, any statement that the Defendant gives under oath during the plea colloquy.

(b) The Defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The Defendant has the right to a jury trial unless the Defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(d) The Defendant has the right to be represented by counsel, and if necessary, have the Court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The Defendant and the defense attorney would have a say in determining who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the Defendant's guilt beyond a reasonable doubt.

AUSA   DEF   ATTY   Date                                                Page 5

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the Defendant could decline to testify and no inference of guilt could be drawn from the Defendant's refusal to testify. Or the Defendant could exercise the choice to testify on the Defendant's own behalf.

(i) If convicted, and within 14 days of the entry of the judgment and commitment, the Defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the Defendant to reversal of the conviction.

| AUSA | DEF | ATTY | Date | | Page 6 |

(j)     The Defendant has a right to have the District Court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the Defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(k)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The Defendant understands that by pleading guilty pursuant to this agreement the Defendant is waiving all the rights set forth in this paragraph. The Defendant's attorney has explained these rights and the consequences of waiving these rights.

**6.     Recommendations:** The United States will recommend that the Defendant be given three points for acceptance of responsibility if appropriate under the Guidelines, unless the Defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in any way inconsistent with acceptance of

responsibility. The parties reserve the right to make any other arguments and recommendations at the time of sentencing including. The Defendant understands that the Court is not bound by any recommendations made by any party.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – Conditional:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant waives the right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the defendant agrees with that range. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver

does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the guideline range calculated by the Court.

9. **Waiver of Appeal of the Sentence – 5K motion:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG §5K1.1, the defendant also agrees to waive the right to collaterally attack the judgment or

_____  _____  _____  12/5/18
AUSA    DEF     ATTY    Date                                    Page 9

sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

**10. Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, *Federal Rules of Criminal Procedure*, to reward the defendant for any substantial

assistance the defendant provides after sentencing. If such a motion is made, and granted by the Court, the defendant agrees to waive any appeal of the sentence and judgment imposed, and dismiss any pending appeal of the judgment and sentence previously taken.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the defendant also agrees to waive the right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

11. **Voluntary Plea:** The Defendant and the Defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the Defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

12. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

13. **Breach:** If Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and

sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the Defendant may not withdraw any guilty plea.

14. **Entire Agreement**: Any statements or representations made by the United States, the Defendant, or the Defendant's counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States, except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

///

///

///

///

///

///

///

AUSA   DEF   ATTY   Date   12/5/18

KURT G. ALME
United States Attorney

_____  12-6-18
BRYAN T. DAKE                                      Date
Assistant U. S. Attorney

_____  12/5/18
STACEY JAMES WONDRA               Date
Defendant

_____  12-5-18
CAMMI J. WOODWARD                  Date
Defense Counsel