**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: 406-657-6101
Fax: 406-657-6058
Email: Bryan.Dake@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **STACEY JAMES WONDRA,**  Defendant. | CR 18-81-BLG-SPW  **SENTENCING MEMORANDUM** |

### INTRODUCTION

Stacey James Wondra has substance abuse problems and other legal and personal issues. He now couples these varying issues with illegal possession of a

1

firearm. This offense involved Wondra not only possessing the gun, but lying on a form in order to get the gun. This sort of conduct cannot be tolerated, especially in light of the defendant's history and characteristics. A sentence of incarceration, followed by a period of supervised release is appropriate.

## ARGUMENT

Stacey James Wondra entered a guilty plea to false statement during a firearms transaction. PSR ¶¶ 1, 4. The Presentence Investigation Report (PSR) has calculated a total offense level 12 and a criminal history category of II (three scored criminal history points). PSR ¶¶ 25; 34. This results in an advisory guideline range of 12 to 18 months.

The government recommends a sentence of 13 months of imprisonment, three years supervised release, and a $100 special assessment.

**Sentencing Analysis**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;

2

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forwards additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1),(3). The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities." 18 U.S.C. §3553(a)(4),(5),(6). Finally, the Court should consider "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a)(7).

**Sentencing Recommendation**

The government recommends a sentence of 13 months incarceration, three years supervised release and a $100 special assessment.

This case involves an individual who has been involved with criminal activity, substance abuse, and various other issues, coupled now with lying to illegally possess a firearm. This makes for a seemingly toxic combination. A

sentence from the Court should reflect the seriousness of the offense, account for the defendant's history and characteristics and provide deterrence for this type of offense.

A person lying to obtain a firearm is a serious offense. The defendant was charged with felony burglary in Gallatin County in December 2017 and released subject to conditions, including that he not possess a firearm. PSR ¶ 8. However, only three months later he went to a pawn shop in Livingston and purchased a handgun. PSR ¶ 9. In order to get this gun, Wondra had to answer "no" to the question of whether he was under indictment or information for any felony charge. PSR ¶ 9. This was a lie. And after an incident at a motel in Livingston, he returned to the same pawn shop only five days later to sell the same gun. PSR ¶¶ 10-11. The facts of lying to obtain a gun are disturbing and combining this behavior with the defendant's history and characteristics further demonstrates the troubling nature of this offense.

The defendant's use of substances and other issues likely contributed to, and certainly exacerbate, the conduct underlying this conviction. Prior to his arrest on this offense, Wondra had issues with drinking heavily, marijuana (although he possesses a valid medical marijuana card) and has used methamphetamine. PSR ¶¶ 62-66. The defendant also has a myriad of other issues impacting his behavior

that should be noted by the Court. PSR ¶¶ 52-61. Simply, he made a very dangerous decision to possess a firearm and this decision is even more dangerous because of his own history and characteristics.

The defendant also has a criminal history that seems to be increasing in severity over time. He has convictions for assault (where the defendant was exhibiting irrational behavior), theft and other misdemeanor offenses in the last three years. PSR ¶¶ 28-32. Wondra also has pending charges for felony theft in Oregon and other misdemeanor offenses. PSR ¶¶ 36-38. This criminal history, which appears to be escalating over time, should be considered by the Court in determining an appropriate sentence.

A sentence imposed by the Court should also promote a respect for the law and provide adequate deterrence. The defendant will benefit from incarceration and supervised release, as he will be able to obtain substance abuse and mental health treatment. The defendant has to understand that this is serious. A sentence of incarceration for this offense promotes a respect for the law and serves to deter Wondra and the general public from engaging in this conduct.

///

///

///

The government believes that a sentence of incarceration adequately addresses all sentencing considerations and is sufficient, but not greater than necessary.

DATED this 19th day of March, 2019.

                                  KURT G. ALME
                                  United States Attorney

                                  */s/ Bryan T. Dake*
                                  BRYAN T. DAKE
                                  Assistant U.S. Attorney