IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STACEY JAMES WONDRA<br><br>Defendant. | CR 18-81-BLG-SPW-2<br><br>ORDER |

Before the Court is Defendant Stacey James Wondra's Pro Se Motion to Expunge Conviction. (Doc. 97). On April 4, 2019, Wondra pled guilty to one count of False Statement During Firearms Transaction, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (Doc. 58). He now asks the court to expunge the conviction. (Doc. 97 at 1). He does so because he has "learned [his] lesson, and feel[s he] ha[s] served enough time to su[ffer] the consequences." (*Id.*).

"Congress has not expressly granted to the federal courts a general power to expunge criminal records." *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004). The Court's ancillary jurisdiction to expunge a criminal record "is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). The expungement of an accurate record of a valid conviction "violates the principles of

1

federalism upon which our system of government is founded." *Id.*

Wondra does not seek expungement under any statutory provision or rule, nor does he allege that his conviction was unlawful or that the Court needs to correct a clerical error. Instead, Wondra asks Court to vacate his conviction in order to expunge his record. The Court lacks jurisdiction to do so.

Accordingly, IT IS SO ORDERED that Defendant Stacy James Wondra's Pro Se Motion to Expunge Conviction (Doc. 97) is DENIED.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 13th day of August, 2024.

Susan P. Watters
United States District Court Judge